## Russell v. Ray's Trustees, et al.

(Decided January 23, 1920.)

Appeal from Marion Circuit Court.

1. Pleading—Action Upon Note—Failure to State Cause of Action.—A petition upon a promissory note by the payee, not against the maker but against another in possession of property of the

maker, which does not assert a lien by attachment or otherwise against such property, or aver that the note has not been paid, or that legal processes have been exhausted against the maker, does not state a cause of action, and a demurrer thereto was properly sustained.

2.    Wills—Construction.—Courts are without authority to construe a will at the instance of one who manifests no rights thereunder.

S. A. RUSSELL and ED. C. O'HEAR for appellant.

H. S. McELROY for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

On August 21, 1919, Foster Ray executed and delivered his promissory note for $3,000.00, and due one day thereafter, to appellant, S. A. Russell. Thereafter appellant filed this action, not against Foster Ray, but against W. C. Rogers, who, it is alleged, is claiming to be and acting as trustee of the will of Mrs. Laura Ray McMillen, the mother of Foster Ray, and as such has possession of personal property of Foster Ray of the value of about $85,000.00. Judgment is asked against W. C. Rogers, as acting trustee of Foster Ray, that he "be compelled by judgment herein, out of the property of Foster Ray, Sr., to pay plaintiff's demand of $3,000.00 with interest thereon from August 23, 1919, and costs, or surrender to this court a sufficiency of said property to pay plaintiff's demand, and that a sufficiency of said property be subjected to pay said demand, and for all proper equitable relief, general and special."

Foster Ray is not a party to the action and it is not even alleged that the note has not been paid, or that ordinary legal processes against him have been exhausted or would not afford a complete remedy for whatever claim plaintiff has against Ray. Nor is the property in the hands of the trustee attached or any lien asserted against same.

It is quite apparent therefore that the "petition in equity" is wholly lacking in every essential to entitle plaintiff to any relief whatever against the defendant Rogers or the property of Ray in his hands as trustee or otherwise.

Hence, it is clear the court did not err in sustaining a demurrer to the petition and in dismissing same upon plaintiff's refusal to plead further. It is equally clear that we have no authority upon this record to construe

the will of Mrs. McMillen, which appellant asks us to construe, since he has manifested no rights thereunder, whatever its meaning.

Wherefore the judgment is affirmed.